Jeffrey HENDERSON, Plaintiff,

and

Zenash Hadera, Plaintiff—Appellee,

v.

CITY OF SEATTLE, Defendant,

and

Keith Swank, Defendant—Appellant.

No. 02–35768.

DC No. CV 01–1199 MJP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2003.

Decided July 23, 2003.

Before REAVLEY,* TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM**

Defendant Keith Swank, a Seattle police officer, appeals from the district court's denial of his motion for summary judgment asserting qualified immunity in a 42 U.S.C. § 1983 action. Plaintiff Zenash Hadera alleges that Swank violated her Fourth Amendment rights when he arrested her for Obstructing a Public Officer under Seattle Municipal Code (SMC) 12A.16.010, without cause.

Pursuant to the collateral order doctrine, we have jurisdiction under 28 U.S.C. § 1291. *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). We review de novo, *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir.2002), and may affirm on any ground supported by the record, *see Schnabel v. Lui*, 302 F.3d 1023, 1036 (9th Cir.2002); *DP Aviation v. Smiths Indus. Aerospace & Def. Sys. Ltd.*, 268 F.3d 829, 846 n. 15 (9th Cir.2001). We affirm, but on a different ground than that relied on by the district court.

Our jurisdiction in a qualified immunity interlocutory appeal is "generally limited to questions of law, and does not extend to

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

claims resting on the determination of disputed issues of material fact." *Jeffers v. Gomez,* 267 F.3d 895, 903 (9th Cir.2001). "Where disputed facts exist, however, we can determine whether the denial of qualified immunity was appropriate by assuming that the version of the material facts asserted by the non-moving party is correct." *Id.; see Behrens v. Pelletier,* 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). Thus, we assume any disputed fact in Hadera's favor.[1]

Swank's appeal fails because, "[a]lthough it is possible in the context of qualified immunity to act 'reasonably' but still exceed the bounds of the law, summary judgment based on qualified immunity should be denied if under the plaintiff's version of the facts the officer could not reasonably believe his conduct was lawful." *Knox v. Southwest Airlines,* 124 F.3d 1103, 1108 (9th Cir.1997) (citations omitted).

It is clearly established law that Hadera had a constitutional right not to be arrested without probable cause, and it appears that Swank was aware of this law. The only question is whether a reasonable officer in Swank's position would have believed it was lawful to arrest Hadera for obstruction of justice. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Hadera states in her deposition testimony that she informed Swank of the company "scooping" policy and told him that she would "give the checks back" as soon as she spoke to her supervisor. The record indicates that after informing Swank of the company policy and her need to speak to her supervisor before turning over the checks, Hadera contacted her supervisor in order to aid Swank's investigation. On these facts, "a reasonable officer could [not] have believed [Hadera's] arrest to be lawful, in light of clearly established law and the information the arresting officer[ ] possessed." *Id.* (internal quotation marks and citation omitted). A reasonable officer could not believe that Hadera obstructed Swank's investigation because Hadera's statements indicate that she lacked the necessary intent to obstruct under SMC 12A.16.010, either by intentionally disobeying an order to stop, SMC 12A.16.010(A)(2), or by intentionally destroying, concealing or altering material central to an investigation, SMC 12A.16.010(A)(4). A plain reading of the ordinance makes clear that any act, in order to violate the ordinance, must be done "intentionally." Under Hadera's version of the facts, the evidence does not reasonably support that she had such intent.

**AFFIRMED.**

---

**1.** Because the parties are familiar with the facts, we do not recite them here.